[Cite as *State v. Creed*, 2012-Ohio-2627.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97317**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JIM CREED

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548666

**BEFORE:** Celebrezze, P.J., Cooney, J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 14, 2012

**ATTORNEY FOR APPELLANT**

James E. Valentine
323 Lakeside Avenue
Suite 450
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Jennifer A. Driscoll
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} On reconsideration, the original announcement of *State v. Creed*, 8th Dist. No. 97317, 2012-Ohio-2305, released on May 24, 2012, is hereby vacated. We find it necessary to vacate that opinion because of our misstatement regarding the punitive nature of R.C. Chapter 2950 following the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. Nevertheless, for the reasons discussed below, we reach the same outcome and affirm the judgment of the trial court.

{¶2} On April 20, 2011, the Cuyahoga County Grand Jury returned a 15-count indictment against defendant-appellant, Jim Creed. The charges included five counts of rape in violation of R.C. 2907.02(A)(1)(b); five counts of gross sexual imposition in violation of R.C. 2907.05(A)(4); and five counts of kidnapping in violation of R.C. 2905.01(A)(4). All counts included sexually violent predator specifications, and the kidnapping counts contained additional sexual motivation specifications.

{¶3} On July 15, 2011, appellant entered a plea of guilty to three counts of sexual battery, as amended from rape, in violation of R.C. 2907.03(A)(1), a felony of the third degree, without sexually violent predator specifications. All other counts were dismissed by the state.

{¶4} Prior to the sentencing hearing, appellant, through counsel, filed a motion to withdraw his guilty plea. In his motion, appellant argued that he felt pressure from his attorney to enter the guilty plea and that he did not understand the ramifications of his plea because he was "confused and bewildered" throughout the proceedings.

{¶5} On August 11, 2011, the trial court held a hearing on appellant's motion to withdraw. At the conclusion of the hearing, the trial court denied the withdrawal motion, finding that appellant "had absolutely no credibility in this matter" and that allowing appellant to withdraw his plea would be "inappropriate and contrary to justice." [1] Subsequently, appellant was sentenced to three years for each count of sexual battery, to be served consecutively, for an aggregate sentence of nine years in prison.

{¶6} Appellant now brings this timely appeal, raising one assignment of error for review.

Law and Analysis

Motion to Withdraw Guilty Plea

{¶7} In his sole assignment of error, appellant argues that the trial court erred and abused its discretion by denying his motion to withdraw his guilty plea.

---

[1] The trial court further opined that appellant's motion was an inappropriate ruse to withdraw his plea because he was worried about his family's financial situation, stating, "He's indicated that he would no longer get Social Security and that it would not go to his wife. He indicates his family might lose the house. I don't think he wants to withdraw the plea for any other reason, other than to continue his checks coming, so that his family can meet their obligations. That is not a legal reason to withdraw the plea."

{¶8} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶9} The general rule is that motions to withdraw guilty pleas before sentencing are to be freely and liberally allowed. *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), citing *Barker v. United States,* 579 F.2d 1219, 1223 (10th Cir.1978). However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea. *Id*. at 527. The decision to grant or deny such a motion is within the sound discretion of the trial court. *Id.*

{¶10} In *Peterseim*, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Id*. at paragraph three of the syllabus.

A review of the record in this case demonstrates that the trial court fully complied with the *Peterseim* criteria.

{¶11} Although appellant does not raise any issues relating to his counsel, the record on appeal demonstrates that appellant was represented by competent counsel throughout the proceeding. Appellant informed the trial judge during the plea hearing that he was satisfied with his counsel. Additionally, it is well-settled that "* * * a properly licensed attorney practicing in this state is presumed to be competent." *State v. Brandon*, 11th Dist. No. 2009-P-0071, 2010-Ohio-6251, at ¶ 19, citing *State v. Lytle*, 48 Ohio St.2d 391, 397, 358 N.E.2d 623 (1976).

{¶12} Further, the record demonstrates that appellant was afforded a proper hearing pursuant to Crim.R. 11. "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. We will not reverse such a determination if the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2)(a), which includes the maximum penalties. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "A plea is in substantial compliance * * * when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker*, 8th Dist. No. 65794, 1994 WL 530892, *2 (Sept. 29, 1994), citing *State*

*v. Rainey*, 3 Ohio App.3d 441, 446 N.E.2d 188 (10th Dist.1982), paragraph one of the syllabus. Furthermore, a defendant must show a prejudicial effect, or, in other words, whether the plea would have otherwise been made. *Id.*

{¶13} In challenging the sufficiency of his Crim.R. 11 hearing, appellant argues that his plea was not made knowingly because the trial court failed to notify him that by pleading guilty he would be unable to live within 1,000 feet of a school, in accordance with R.C. 2950.034.

{¶14} With respect to this issue, this court has repeatedly held that the constitutional advisements a trial court is required to provide pursuant to Crim.R. 11 do not include the collateral consequences of being classified as a sexual predator under Ohio Revised Code Chapter 2950. *State v. Rice*, 8th Dist. No. 72685, 1999 WL 125742, at *3 (Feb. 18, 1999); *State v. Perry*, 8th Dist. No 82085, 2003-Ohio-6344; *State v. Woodward*, 8th Dist. Nos. 94672 and 94673, 2011-Ohio-104. This court rationalized that such advisements were not required because the requirements imposed on sex offenders pursuant to R.C. Chapter 2950 are civil and remedial in nature, and not criminal or punitive.

{¶15} However, the conclusions reached in *Rice*, *Perry,* and *Woodward* have recently been challenged by *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In *Williams*, the Ohio Supreme Court held that, based on the significant changes to the statutory scheme governing sex offenders following the enactment of S.B. 10, R.C. Chapter 2950 is currently punitive and not remedial in nature. *Id.* at ¶ 16.

{¶16} If those requirements are now punitive under R.C. Chapter 2950, then they are no longer considered collateral consequences of a conviction. Rather, they are part of the penalty for the offense and must be addressed during a Crim.R. 11 colloquy. *State v. Bush*, 2d Dist. No. 10CA82, 2011-Ohio-5954, ¶ 20 (Fain, J., concurring). This is not to say, however, that the trial court is required to review each of the numerous individual restrictions and requirements set forth in R.C. Chapter 2950 in order to substantially comply with nonconstitutional provisions of Crim.R. 11.

{¶17} In the case at hand, the record reflects that appellant was informed during his Crim.R. 11 dialogue that he would be labeled a Tier III offender by operation of law. Moreover, the trial court notified appellant that as a Tier III sex offender, he would be subject to various reporting and notification requirements for life. We find that this advisement substantially complies with Crim.R. 11(C)(2)(a). The totality of the circumstances indicate that appellant subjectively understood that by pleading guilty to a sexually oriented offense, he would be subjected to certain restrictions as a Tier III sex offender. The fact that appellant was not specifically informed that he would be prohibited from living within 1,000 feet of a school does not invalidate his plea. Accordingly, we find that appellant was afforded a full hearing, pursuant to Crim.R. 11.

{¶18} Next, appellant contends that the trial court erred in denying his motion to withdraw where he maintained his claim of innocence. In *State v. Abdelhag*, 8th Dist. No. 71136, 1997 WL 428647 (July 31, 1997), this court held:

> [D]efendant's protestations of innocence are not sufficient, however
> frequently repeated, to warrant grounds for vacating a plea knowingly

entered. By inference, all defendants who request a withdrawal of their guilty plea do so based upon some claim of innocence. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. (Citations omitted.)

{¶19} Under the circumstances, it is axiomatic that defendant would proclaim his innocence of the offense. However, this is not sufficient to warrant the withdrawal of a guilty plea where, as in the case sub judice, the record supports the trial court's finding that appellant entered his plea voluntarily, knowingly, and intelligently.

{¶20} Finally, we find that the trial court adequately afforded appellant a full and impartial hearing on his motion to withdraw and gave full and fair consideration to appellant's request. Here, the trial court ensured that appellant received a full and impartial hearing by permitting opening statements, direct examination, cross-examination, redirect, closing argument, and a review of the psychiatric report before it rendered a decision. Moreover, the record reflects that the trial court fairly considered appellant's motion to withdraw and only denied the motion after conducting a lengthy hearing and carefully weighing several factors, including the arguments raised in appellant's motion to withdraw, information provided in appellant's psychiatric report, and appellant's testimony and demeanor at the hearing.

{¶21} Because all four prongs set forth in *Peterseim* were satisfied, we cannot say that the trial court abused its discretion in denying appellant's motion to withdraw his guilty pleas under the circumstances of this case. Appellant's sole assignment of error is overruled.

{¶22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR