[Cite as *State v. Minifee*, 2013-Ohio-3146.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99202**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PATRICK A. MINIFEE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-562160

**BEFORE:** Celebrezze, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Anna Markovich
The Palm Aire Building
18975 Villaview Road
Suite 3
Cleveland, Ohio 44119-3053


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Marc D. Bullard
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Patrick Minifee, appeals the judgment of the common pleas court denying his presentence motion to withdraw his guilty plea. After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Factual and Procedural History

{¶2} This case arises out of the aggravated robbery and shooting of off-duty Cleveland Police Officer Dwayne Borders on April 26, 2012. Officer Borders was traveling in his vehicle when he stopped at a private residence in Cleveland, Ohio. As Officer Borders exited his vehicle, he was approached by appellant, who was brandishing a weapon and attempting to carry out a robbery. During the incident, a number of shots were exchanged. As a result, Officer Borders was shot in the back, and appellant was shot in the chest. Officer Borders was treated and released in connection with his injuries. Appellant was abandoned inside his vehicle at a nearby hospital, where life-saving measures allowed his survival. Inside appellant's vehicle, officers discovered two firearms underneath the gear box of the vehicle.

{¶3} As a result of the incident, the Cuyahoga County Grand Jury returned a multi-count indictment, charging appellant with kidnapping in violation of R.C. 2905.01(B)(2), a felony of the first degree; attempted murder in violation of R.C. 2923.02 and 2903.02(A), a felony of the first degree; felonious assault in violation of R.C. 2903.11(A)(1), a felony of the first degree; felonious assault in violation of R.C. 2903.11(A)(2), a felony of the first degree; aggravated robbery in violation of R.C.

2911.01(A)(1), a felony of the first degree; aggravated robbery in violation of R.C. 2911.01(A)(3), a felony of the first degree; and discharge of firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), a felony of the first degree; all of which also included one- and three-year firearm specifications and forfeiture of weapons specifications. Appellant was also charged with carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree; improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree; and tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree; all of which also included forfeiture of weapon specifications.

{¶4} On September 26, 2012, appellant withdrew his previous not guilty plea and pled guilty to the charges as stated in the indictment. In exchange for pleading guilty to all charges, including all the specifications, the state agreed to recommend a nineteen-and-one-half-year sentence.

{¶5} On October 1, 2012, appellant's sentencing hearing was held. Prior to the imposition of his sentence, however, appellant orally requested that the trial court allow him to withdraw his guilty plea. Appellant explained that he was coerced into taking the plea agreement by his attorney, who he argued had only spent two weeks on his case and did not have sufficient time to prepare for trial. Appellant stated that he felt pressured by his attorney to enter the plea and that his attorney did not represent his best interests. Appellant also requested that the trial court appoint new counsel. After careful consideration of appellant's arguments, the trial court denied his motion to withdraw his

plea and his request for new counsel. Thereafter, the trial court sentenced appellant to the agreed sentence of a nineteen-and-one-half-year term of imprisonment.

**{¶6}** Appellant now brings this timely appeal, raising four assignments of error for review:

I. The trial court violated defendant's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and erred under Ohio Crim.R. 11(C).

II. The trial court erred and abused discretion in denying defendant's presentence motion to withdraw his guilty plea under Crim.R. 32.1.

III. The trial court abused discretion in assessing the court costs to [an] indigent defendant.

IV. Defendant was denied his constitutional right to effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section X of the Ohio Constitution.

## II. Law and Analysis

### A. Crim.R. 11(C)

**{¶7}** In his first assignment of error, appellant argues that the trial court failed to comply with Crim.R. 11, and therefore his plea was not knowingly, voluntarily, or intelligently made.

**{¶8}** Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision

regarding whether to plead guilty. *State v. Schmick*, 8th Dist. No. 95210, 2011-Ohio-2263.

**{¶9}** Crim.R. 11(C)(2) provides:

In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶10}** In resolving whether a criminal defendant knowingly, intelligently, and voluntarily entered a plea, we review the record to determine whether the trial court adequately advised the defendant of his constitutional and nonconstitutional rights set forth in Crim.R. 11(C). *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

**{¶11}** The standard of review we use differs depending on the rights appellant raises on appeal. Strict compliance is required if the appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c). Alternatively, if the appellant raises a violation of a non-constitutional right found in Crim.R. 11(C)(2)(a) and (b), we

look for substantial compliance. *State v. Joachim*, 8th Dist. No. 90616, 2008-Ohio-4876, ¶ 7. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." *Nero* at 108. Moreover, there must be some showing of prejudicial effect before a guilty plea may be vacated. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108.

{¶12} In the case at hand, appellant contends that his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court failed to make a sufficient inquiry into whether he understood the nature of the attempted murder and kidnapping charges. Thus, our review is limited to determining whether the trial court substantially complied with the procedures set forth in Crim.R. 11(C)(2)(a).

{¶13} With regard to his attempted murder charge, appellant specifically argues that the trial court did not adequately explain the elements of "purposefully" and "complicity." Similarly, appellant argues that the trial court failed to expressly inquire on the record as to whether he understood the nature of his kidnapping charge.

{¶14} In determining whether a defendant is making a plea with an understanding of the nature of the charge, a trial court is not necessarily required to advise the defendant of the elements of the crime or to specifically ask the defendant if he understands the charge, provided the totality of the circumstances support the trial court's determination that the defendant understands the charge. *See State v. Esner*, 8th Dist. No. 90740,

2008-Ohio-6654, ¶ 3; *State v. Carpenter*, 8th Dist. No. 81571, 2003-Ohio-3019, ¶ 2. Indeed, "[w]here a defendant indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him." *State v. Wangul*, 8th Dist. No. 84698, 2005-Ohio-1175, ¶ 10, citing *State v. Dickey*, 7th Dist. No. 03 CA 94, 2004-Ohio-3198, ¶ 11. Thus, appellant's reliance on *State v. Blair*, 128 Ohio App.3d 435, 715 N.E.2d 233 (2d Dist.1998), for the proposition that the record must reflect that the defendant was advised as to "what the state would have to prove to convict him" lacks merit. *See State v. Parker*, 8th Dist. No. 82687, 2004-Ohio-2976, ¶ 26, citing *State v. Philpott*, 8th Dist. No. 74392, 2000 Ohio App. LEXIS 5849 (Dec. 14, 2000) (rejecting *Blair*'s holding that defendant must be advised as to "what the state would have to prove to convict").

{¶15} A review of the plea hearing transcript in this case supports a determination that appellant understood the nature of the charges against him. The record reflects that the trial court began its Crim.R. 11 colloquy by identifying the charges and accompanying specifications brought against appellant. The prosecutor then explained the plea agreement and identified the charges to which appellant would plead guilty. The trial court then asked appellant to answer general questions regarding his level of education, whether he understood the prosecutor's statements, whether he was under the influence of drugs or alcohol, whether he was satisfied with his counsel, and whether he understood he was withdrawing his previously entered plea of not guilty. Appellant responded

appropriately to each question and affirmatively stated that he understood what was happening in the plea proceedings. In response to further questioning, appellant indicated that he understood the constitutional rights he was waiving by pleading guilty.

{¶16} The trial court then identified the charges that appellant intended to plead guilty to and their potential sentences. The record reflects that as the trial court began its explanation of the nature of appellant's charges, appellant interrupted the court to ask if it was possible to reword his plea so that it did not contain the term "attempted murder." However, a close examination of the record demonstrates that appellant was not "confused" about the actual nature of his attempted murder charge. Rather, appellant was merely concerned that the trial court's use of the term "attempted murder" would make him ineligible for certain prison programs. In fact, during the plea colloquy, the trial court explained to appellant, "the plea agreement is asking you to accept responsibility to attempted murder, which means that you did attempt or purposefully caused the death of CPD Officer Borders and that could include any aiding and abetting you may have done with anyone else involved in this case"; appellant immediately responded, "[y]eah, I understand that." Thus, the trial court had no obligation to explain the substantive elements of appellant's attempted murder charge in further detail.

{¶17} Similarly, there is no indication that appellant failed to understand the nature of his kidnapping charge. The record reflects that, during the plea colloquy, the trial court explained that appellant was pleading guilty to kidnapping in violation of R.C. 2905.01(B)(2) and its accompanying firearm and forfeiture specifications. Thereafter,

the trial court expressly asked appellant if he understood the nature of each of the offenses to which he was pleading guilty, and appellant affirmatively stated "yes."

{¶18} Under the totality of these circumstances, we find that the trial court substantially complied with Crim.R. 11(C)(2)(a). Accordingly, we find that appellant's plea was knowingly, voluntarily, and intelligently made. Moreover, appellant has failed to demonstrate that he was prejudiced in any way by his pleas. He does not claim that he would not have pleaded guilty if the trial court had defined each element of the offenses. Without a showing of prejudice, appellant's argument fails. *See State v. Lomax*, 8th Dist. No. 98125, 2012-Ohio-4167.

{¶19} Appellant's first assignment of error is overruled.

### B. Crim.R. 32.1

{¶20} In his second assignment of error, appellant argues that the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea under Crim.R. 32.1.

{¶21} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶22} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that "[a] defendant does not have an absolute right to

withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

**{¶23}** The decision to grant or deny a motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). This court has held that

> [i]t is not an abuse of discretion to deny a presentence motion to withdraw a guilty plea when a defendant: (1) is represented by competent counsel; (2) is given a full Crim.R. 11 hearing before entering a plea; and (3) is given a hearing on the motion to withdraw that plea during which the court considers the defendant's arguments in support of the motion.

*State v. Bridges*, 8th Dist. No. 87633, 2006-Ohio-6280, ¶ 5; *see also State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

**{¶24}** On review, we find the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. The record shows that appellant was represented by competent counsel and, as addressed in appellant's first assignment of error, he was given a full Crim.R. 11 hearing before entering his plea.

**{¶25}** Moreover, our review of the record demonstrates that the trial court gave appellant a complete and impartial hearing on his presentence motion to withdraw his guilty plea and gave full and fair consideration to the arguments raised in support of his motion. Here, appellant orally requested that the trial court withdraw his guilty plea

because he was coerced into entering the plea by his defense attorney and he was innocent of the attempted murder and kidnapping charges.

{¶26} Initially, the trial court addressed appellant's contention that he was coerced into entering his plea. When asked specifically how he was coerced, appellant provided only blanket statements with no specifics on how counsel coerced him. Simply put, there is nothing in the record that substantiates appellant's claim that he was coerced to plead guilty by his counsel. Instead, the record of the plea hearing demonstrates that there was an extensive Crim.R. 11 colloquy between the judge and appellant, during which appellant was given every opportunity to ask questions and indicated that he did not feel comfortable entering a guilty plea.

{¶27} Lastly, we reject appellant's argument that the trial court failed to consider his claim of innocence. When confronted with a claim of innocence, "the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement." *State v. Kramer*, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 58. *See State v. McGowan*, 8th Dist. No. 68971, 1996 Ohio App. LEXIS 4384 (Oct. 3, 1996). This court has stated that a defendant's protestations of innocence are not sufficient, however frequently repeated, to warrant grounds for vacating a plea voluntarily, knowingly, and intelligently entered. *State v. Bloom*, 8th Dist. No. 97535, 2012-Ohio-3805, ¶ 13, citing *State v. Abdelhag*, 8th Dist. No. 71136, 1997 Ohio App. LEXIS 3394, *11 (July 31, 1997). "By inference, all defendants who request a withdrawal of their guilty plea do so based upon some claim of innocence. * * *

A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." *Id.*

**{¶28}** On review, we agree with the trial court that appellant's motion to withdraw his plea was predicated on "buyers remorse" developed in anticipation of sentencing. Thus, appellant's claimed innocence was not sufficient to warrant the withdrawal of his guilty plea where, as here, the record supports the trial court's finding that appellant entered his plea voluntarily, knowingly, and intelligently. *State v. Creed*, 8th Dist. No. 97317, 2012-Ohio-2627, ¶ 19.

**{¶29}** Based on the foregoing, appellant's second assignment of error is overruled.

### C.   Court Costs

**{¶30}** In his third assignment of error, appellant argues that the trial court abused its discretion in assessing court costs.

**{¶31}** R.C. 2947.23(A)(1) governs the imposition of court costs and provides in pertinent part: "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."

**{¶32}** "R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it requires a court to assess costs against all convicted defendants." *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. In that case, the Ohio Supreme Court held that "a trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence." *Id.* at paragraph one of the syllabus.   Therefore, a "defendant's financial status is irrelevant to

the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.

**{¶33}** Pursuant to R.C. 2947.23(A)(1), however, at the time the trial court imposes sentence, the court "shall" notify the defendant that if he fails to pay, or make timely payments against, the judgment of court costs rendered against him, the court "may order the defendant to perform community service * * *." The Ohio Supreme Court has held that "a trial court may properly order community service as a means of payment [of court costs] in accordance with R.C. 2947.23(A)(1)(a) and (b)." *Clevenger* at ¶ 10. *See also State v. Cardamone*, 8th Dist. No. 94405, 2011-Ohio-818.

**{¶34}** Further, court costs may be waived at the discretion of the court if the court first determines that the defendant is indigent. *White* at ¶ 14. It is also possible that, during the collection process, the clerk of courts may waive the collection of court costs for indigent defendants. *Id.* (noting that R.C. 2929.14 was silent as to the collection of costs from indigent defendants).

**{¶35}** The "indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23.

**{¶36}** In the present case, the trial court informed appellant at the conclusion of the sentencing hearing that he would be responsible for court costs and that he may be

required to do community service as a means of payment. On this determination, appellant stated that he was indigent and wished to have his fines and court costs waived. In response, the trial court found appellant to be indigent and informed him that it would not be imposing a fine. However, the court did not grant appellant's request to waive court costs. These determinations were reflected in the sentencing journal entry dated October 1, 2012. Accordingly, although the trial court found appellant to be indigent, it acted within its discretion under R.C. 2947.23(A)(1) in imposing court costs regardless of appellant's financial status.

{¶37} Appellant's third assignment of error is overruled.

### D. Ineffective Assistance of Counsel

{¶38} In his fourth assignment of error, appellant argues that he received ineffective assistance of counsel based on his trial counsel's alleged failure to adequately assist in defending his motion to withdraw his guilty plea.

{¶39} To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable performance and that he was prejudiced by that deficient performance, such that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Sanders*, 94 Ohio St.3d 150, 151, 2002-Ohio-350, 761 N.E.2d 18. A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶40} After careful consideration of the record and the statements made during appellant's motion to withdraw hearing, we are unable to conclude that defense counsel's performance fell below an objective standard of reasonable performance. Here, appellant's motion to withdraw centered on his allegations that defense counsel coerced him into entering his plea. In assessing the issue, the trial court expressly asked defense counsel if he forced appellant to enter his plea. Defense counsel stated, "I've never forced anyone to do anything in this courtroom or any other courtroom in this state." Furthermore, defense counsel expressly denied appellant's allegations that he was not prepared for trial.

{¶41} We recognize appellant's argument that defense counsel did not make any supporting arguments or present testimony to further appellant's motion to withdraw his guilty plea. However, given the basis of appellant's motion to withdraw, we cannot find ineffective assistance simply because defense counsel made a truthful statement to the trial court defending his reputation and denying the allegations of coercion.

{¶42} Furthermore, even if this court were to conclude that defense counsel was ineffective for failing to assist appellant during the motion to withdraw hearing, appellant is unable to demonstrate that, but for counsel's error, the result of the proceeding would have been different. Here, appellant failed to present any credible evidence that he was pressured into entering his plea and, as discussed, appellant's claims of innocence appear

to be nothing more than a change of heart. Thus, we are unable to conclude that the trial court would have granted appellant's motion, regardless of defense counsel's supporting efforts.

**{¶43}** Appellant's fourth assignment of error is overruled.

**{¶44}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR