[Cite as *State v. Hill*, 2014-Ohio-26.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99564**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VIRGIL HILL

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560942

**BEFORE:**  Keough, J., Stewart, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**  January 9, 2014

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, OH 44119

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Marcus A. Henry
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Virgil Hill, appeals from the trial court's denial of his presentence motion to withdraw his guilty pleas. We affirm the trial court's decision and Hill's conviction.

## I. Background

{¶2} Hill was charged in a seven-count indictment with two counts of kidnapping (one that included a sexual motivation specification), aggravated robbery, felonious assault, disrupting public services, and two counts of rape. The alleged victim was Hill's on-again/off-again girlfriend.

{¶3} Hill was referred to the court psychiatric clinic, that found him sane at the time of the offenses and competent to stand trial, although the reports noted that Hill has only an eighth-grade education, cannot read or write, and takes medications for anxiety and depression. The reports also indicated that Hill sometimes "hears voices" but is not psychotic.

{¶4} On the day of trial, Hill appeared with counsel and pleaded guilty to assault, a first-degree misdemeanor, and sexual battery, a felony of the third degree and Tier III sex offense that requires Hill to register every 90 days for life.

{¶5} Before sentencing, Hill filed a motion to withdraw his guilty plea. The trial court denied Hill's motion and sentenced him to an aggregate term of 42 months in prison.

## II.   Analysis

{¶6}   In his single assignment of error, Hill contends that the trial court abused its discretion in denying his presentence motion to withdraw his guilty plea.   He argues that his claim of innocence, his mental health,   and other issues required vacating his plea.

{¶7}   Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶8}   In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted."   *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).   It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.   A trial court must conduct a hearing to determine whether there is reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶9}   The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion.   *Id.* at paragraph two of the syllabus.   Absent an abuse of discretion, the trial court's decision must be affirmed.   *Id.* at 527.   An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).   A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was   (1) represented by competent counsel, (2) given a full

Crim.R. 11 hearing before he entered a plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶10} When faced with a claim of innocence, "'the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement.'" *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27, quoting *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991). Likewise, a defendant's protestations of innocence are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *Minifree, supra,* citing *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

{¶11} On review, we find the trial court did not abuse its discretion in denying Hill's motion to withdraw his guilty plea. The record shows that Hill was represented by competent counsel and that he was given a full hearing in compliance with Crim.R. 11 before entering his plea. At the plea hearing, the trial court conducted an extensive inquiry of Hill to ensure that he understood the charges against him and the maximum penalties involved (including the lifetime reporting requirements and possible penalties

for not following the reporting requirements), the effect of his guilty plea, and the rights he was waiving by pleading guilty. Hill denied being threatened or promised anything in exchange for pleading guilty, indicated his satisfaction with counsel's advice, and stated that he understood what was happening and what his choices were. After the trial judge told Hill that "this is your decision, not your attorney's decision, not your family's decision," and that Hill's sentence would not be affected by whether he pled guilty or went to trial, Hill unequivocally stated that he wanted to waive his right to a jury trial and plead guilty.

{¶12} The record also demonstrates that the trial court gave Hill a complete and impartial hearing on his presentence motion to withdraw his guilty plea and gave full and fair consideration to the arguments raised in support of his motion. At the hearing, counsel told the trial court that Hill wanted to withdraw his plea because he had pled under fear and duress, even though he was innocent. The court listened to the state's response to Hill's motion and to argument from counsel for Hill, and then gave Hill an opportunity to speak. Hill told the judge that he was nervous when he pled guilty and he did not want to be "labelled" because although he was "not saying I'm innocent," he did not rape the victim.

{¶13} The trial court then reviewed the plea colloquy. It noted that Hill was represented by competent counsel at the plea hearing. It further noted that before taking Hill's plea, the trial court had explored any mental health or other issues that might prevent Hill from making a valid plea and had told him that it would not sentence him any

differently whether he pleaded guilty or went to trial, and that the decision was his alone to make if it was the best thing for him. Specifically with respect to Hill's claim of innocence, the trial court noted that Hill had responded affirmatively when the court asked him whether there was a legitimate basis in fact and law for the charges to which he would be pleading guilty. Accordingly, the trial court concluded that Hill had made a knowing, voluntary, and intelligent guilty plea and had not demonstrated a basis for withdrawing the plea.

{¶14} We find no abuse of discretion in the trial court's ruling. Contrary to Hill's argument on appeal, he was not forced to plead guilty nor was his plea given reluctantly and only at the prodding of the court. Moreover, Hill's claim of innocence fails based on Hill's admission to the trial court that he was "not completely innocent." In fact, his motion to withdraw seems to be predicated upon a change of heart based on the reporting requirements associated with Tier III sex offenses, an insufficient justification for the withdrawal of the plea. Thus, Hill's claimed innocence was not sufficient to warrant the withdrawal of his knowing, voluntary, and intelligent guilty plea, and the trial court did not abuse its discretion in denying Hill's presentence motion to withdraw his guilty plea. *Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, at ¶ 28.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MELODY J. STEWART, P.J., CONCURS WITH
SEPARATE OPINION

MELODY J. STEWART, P.J., CONCURRING:

{¶16} I concur with the decision in this case, but write separately to question whether the trial court adequately inquired about the guilty plea to sexual battery. There is no question that Hill entered his guilty pleas reluctantly, and all along he maintained his innocence regarding the sex offenses. Because of this, the trial court was required to conduct a factual inquiry into the basis for the guilty plea to sexual battery.

{¶17} There are instances where a court will allow a defendant to plead guilty to an offense despite his insistence that he is innocent. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, because there are significant due process concerns involved with allowing a person who maintains his innocence to plead guilty, the United States Supreme Court stated that defendants may knowingly and

voluntarily plead guilty even while protesting their innocence if the judge finds "strong evidence of [the defendant's] actual guilt." *Id.* at 37-38. Ohio courts have insisted that there be a factual basis for a guilty plea made at the same time the defendant is maintaining his innocence. *See State v. Parham*, 11th Dist. Portage No. 2011-P-0017, 2012-Ohio-2833, ¶ 33.

{¶18} Before entering his plea, Hill told the court that "I'm not saying I'm not — I'm not guilty, but I'm not saying — I'm not guilty of that rape, but she put her hands on me; and, yes, I did retaliate[.]" Admittedly, this statement gave the court some factual basis for the guilty plea to assault, but not the sexual battery. Although Hill specifically maintained that he did not "rape" the victim as opposed to committing any kind of sexual offense against her, the distinction is a legal one that Hill obviously did not, or could not appreciate because, at that point the state had agreed to dismiss the rape count.

{¶19} Hill pleaded guilty to sexual battery under R.C. 2907.03(A)(1), which states that "no person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution." During sentencing, the state recounted the events of the offenses as follows:

> Your Honor, the facts of this case grow out of the fact that the victim and the Defendant knew one another, they had a prior romantic relationship. On the day of this occurrence there was a conversation between the two of them. The victim in this case, * * *, went to see Mr. Hill. Mr. Hill had promised [her] that he would pay for her cab fee to come over there.
>
> When she arrived, he refused to pay the cab fee and they essentially stiffed the cab and embarrassed [the victim]. It was yet another disappointment,

she had stated, from Mr. Hill. She decided to get out of the cab and walk away from Mr. Hill. Then he proceeded to assault her. He punched her in both of her eyes, he punched her in the mouth, split both her upper and her lower lip, chipped her tooth which, to this day, is still not fixed.

And then he took her to his uncle and aunt's house. Both of them were kicked out of there by his relatives. They both went over to a friend's house. And at that point Mr. Hill had made some sexual advances on [the victim]. At the time [the victim] *decided to have sex with Mr. Hill, but she did so and she told the hospital staff, she told the State, she told the police that she did so because she was afraid that if she didn't have sex with him that he would assault her again.*

(Emphasis added.)

{¶20} Given the victim's submission to Hill's advances, it can be understood why Hill insisted that he did not rape or sexually assault the victim. Admittedly, there was an element of coercion in light of his earlier assault on her, but there was such a significant break in time between the assault and the sexual conduct that the assault could be too remote to coerce the victim to submit to the sexual conduct. In other words, it is highly unlikely that any court would find the assault and the sexual conduct to be allied offenses because of the lapse in time between the two events. Had the court made a further inquiry, it may have found that there was no factual basis for accepting Hill's guilty plea to sexual battery in the first place — or, that the lack of a factual basis was reason enough to allow the withdrawal of his plea.