[Cite as *State v. Johnson*, 2018-Ohio-5029.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106322

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MAURICE JOHNSON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612031-A

**BEFORE:** Celebrezze, J., Kilbane, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** December 13, 2018

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Steven N. Szelagiewicz
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Maurice Johnson ("appellant"), appeals from his convictions of rape and kidnapping.   Specifically, appellant argues that the trial court erred by failing to explain to him certain sex offender classification reporting requirements prior to accepting his guilty plea and, thus, did not fully comply with Crim.R. 11(C).   After a thorough review of the record and law, this court affirms.

## I.    Factual and Procedural History

{¶2} Appellant was indicted on December 9, 2016, on the following charges:   Count 1, rape, in violation of R.C. 2907.02(A)(2), a first-degree felony, with a sexually violent predator specification in violation of R.C. 2941.148(A); and Count 2, kidnapping, in violation of R.C. 2905.11(A)(1), a first-degree felony, with a sexually violent predator specification in violation of R.C. 2941.148(A) and a sexual motivation specification in violation of R.C. 2941.147(A).

Appellant was arraigned on December 14, 2016, and pled not guilty to the indictment.

{¶3} Thereafter, on March 15, 2017, appellant pled guilty to the indictment as charged. On March 27, 2017, the trial court held a sentencing hearing and sentenced appellant to a prison term of ten years to life, with a possibility of parole after ten years. The state elected to have appellant sentenced under Count 1 (rape).

{¶4} On September 29, 2017, appellant filed a notice of appeal. On October 2, 2017, in the trial court, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1. On November 6, 2017, the trial court denied appellant's motion to withdraw his guilty plea.

{¶5} On July 3, 2018, this court issued a sua sponte order remanding this matter to the trial court for a correction of the record pursuant to App.R. 9(E). Although the trial court's April 6, 2017 sentencing journal entry indicated that Counts 1 and 2 merged for sentencing purposes, the entry did not indicate whether appellant was sentenced on Count 1 or Count 2. On July 12, 2018, the trial court issued a nunc pro tunc journal entry correcting this error and, thus, the July 12, 2018 sentencing entry satisfies the elements of a final, appealable order. *See* *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶6} Appellant brings the instant appeal challenging the validity of his guilty plea. He assigns one error for our review.

I.      The trial court committed reversible error when it did not fully explain the reporting requirements of a Tier III sex offender prior to accepting appellant's plea of guilty, in violation of Crim.R. 11(C).

## II.   Law and Analysis

{¶7} Pursuant to Crim.R. 11, when a defendant enters a plea in a criminal case, the plea

must be made knowingly, intelligently, and voluntarily. With regards to a felony charge, a trial court must follow the commands of Crim.R. 11(C)(2) in order to assure that a defendant's guilty plea is knowingly, intelligently, and voluntarily entered. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Costlow*, 8th Dist. Cuyahoga No. 106960, 2018-Ohio-3572, ¶ 18, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶8} In *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court articulated a defendant's constitutional rights as (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. These have been incorporated into Crim.R. 11(C)(2)(c), which outlines a defendant's constitutional rights as follows:

> Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9} The nonconstitutional rights are outlined in Crim.R. 11(C)(2)(a) and (b) and are as follows:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶10} With regards to these constitutional rights outlined in Crim.R. 11(C)(2)(c), strict, or literal, compliance with this rule is required. *State v. Veney*, 120 Ohio St.3d 176,

2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. However, with regards to a nonconstitutional right, substantial compliance is all that is required. *Id.* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶11} Consequently, a reviewing court will not vacate a defendant's guilty plea if the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11(C)(2)(a) or (b). *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart* at 92-93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*, citing *Stewart*. Therefore, "[u]nder this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *Nero* at 108.

{¶12} Furthermore, "[w]hen the trial court does not 'substantially comply' with Crim.R. 11(C)(2)(a), a reviewing court must then 'determine whether the trial court *partially* complied or *failed* to comply with this rule.'" (Emphasis sic.) *State v. Gonzalez*, 8th Dist. Cuyahoga No. 100848, 2015-Ohio-673, ¶ 9, quoting *Clark* at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Clark* at ¶ 32, citing *Nero*. A defendant establishes prejudice if his plea would have otherwise not been made. *Nero* at 108.

{¶13} In the instant case, appellant argues that the trial court committed reversible error when it failed to notify him of the community notification requirements and residential restrictions pursuant to R.C. Chapter 2950 prior to accepting his plea. More specifically, appellant argues that these omissions rendered his plea invalid because sex offender

classification requirements are punitive consequences he could face and because he was not advised of all of these punitive consequences, his plea was not knowingly, voluntarily, and intelligently entered.

{¶14} Sex offender registration duties, notifications, and restrictions are governed by R.C. Chapter 2950. The Ohio Supreme Court in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, held that R.C. Chapter 2950 is not remedial, but is actually punitive in nature. Therefore, these sex offender classification requirements are "part of the penalty for the offense and must be addressed during a Crim.R. 11 colloquy." *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 16, citing *State v. Bush*, 2d Dist. Greene No. 10CA82, 2011-Ohio-5954, ¶ 20 (Fain, J., concurring). However, we must note that the trial court is not "required to review each of the numerous individual restrictions and requirements set forth in R.C. Chapter 2950 in order to substantially comply with nonconstitutional provisions of Crim.R. 11." *Id.* at ¶ 16.

{¶15} Keeping the above standard in mind, we note the following statements made by the trial court at appellant's change of plea hearing:[1]

> The other requirement that goes along with this upon your release is sexual reporting as a sexual offender. There are three tiers. This is a Tier III. It's reporting for life every 90 days.
>
> You have to register with the sheriff in the county which you live every 90 days to let them know where you are living. If during the 90 days anything changes, you still have to tell them. If you move in the middle of that 90 days, you have to let them know you've moved, because there is a separate felony for failing to register. You can face more problems down the road if you didn't do that. That can include telephone number, if you change your cell phone number or internet address.
>
> In case of doubt you want to let the sheriff know. If you were to get     an

---

[1] The trial court made similar remarks to appellant at the sentencing hearing.

opportunity to work in Akron in Summit County, you got to tell the sheriff in Summit County, I'm coming. You'd have to tell the sheriff in Cuyahoga County I'm leaving, and the same thing when you come back, if you work there for several months and move back. So it's a lot of responsibility, but you will have that responsibility, as well.

(Tr. 8-9.)

{¶16} Appellant argues that the trial court was required to discuss the "community notification requirements" with him prior to accepting his guilty plea. Appellant's brief at 4. Appellant further argues that "[b]ecause [he] was subject to community notification as a Tier III sex offender, the trial court was required to discuss the community notification sanctions with him prior to accepting his guilty plea." Appellant's brief at 5.

{¶17} In support of his argument, appellant cites to R.C. 2950.11. However, we note that R.C. 2950.11 simply establishes what the community at large will be notified of with regards to a sex offender's registration. R.C. 2950.11 has no "community notification requirements," to which appellant himself would be bound. In sum, reading R.C. 2950.11 in its totality, we note that this statute is more or less the *outcome* that stems from appellant's sexual offender classification reporting duties.[2] Not even the most broad reading of this statute would mandate any "requirements" that the appellant himself would have to the community at large. Indeed, appellant has the *duty* to register in accordance with the Tier III sex offender classification duties. Thereafter, the sheriff *notifies* the community, and the other various individuals as enumerated in R.C. 2950.11(A)(1) through (10), of appellant's sex offender classification.

{¶18} Therefore, to the extent that appellant argues that he was not aware that the community would be notified by his registration duties, we find no merit to this argument.

---

[2] Moreover, we note the title of this statute, "Notice of identity and location of offender in specified geographical notification area."

Community notification is undeniably the global purpose of sex offender classification. Appellant's argument would then follow that he thought registering as a sex offender was only for the purpose of the sheriff's office records. Nowhere within R.C. 2950.11, nor any other statute, does it state that the trial court is required to discuss any of the community notifications that stem from a defendant's sex offender registration duties prior to accepting a guilty plea.

{¶19} Appellant also argues that the trial court failed to notify him of his residential restrictions pursuant to R.C. 2950.034(A) which provide that:

> No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises or preschool or child day-care center premises.

In our review of the change of plea hearing transcript, we note that the trial court makes no mention of the residential restrictions pursuant to R.C. 2950.034(A).

{¶20} Notwithstanding the fact that the trial court failed to notify appellant of the residential restrictions, we nevertheless find that the trial court substantially complied with Crim.R. 11. The record reflects that appellant was informed, prior to entering a plea of guilty, that he would be classified a Tier III sex offender. *See State v. McMahon*, 6th Dist. Sandusky No. S-14-036, 2015-Ohio-3300, ¶ 19 (where the trial court failed to notify the defendant of his Tier III classification, and the implications of that classification, and thus, the Sixth District found that the trial court failed to comply with Crim.R. 11(C)(2)(a)). Moreover, the trial court notified appellant that as a Tier III sex offender, he would be subject to various reporting requirements for life. This advisement substantially complies with Crim.R. 11(C)(2)(a). *See Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, at ¶ 16. Further, we find, as this court did in *Creed*, that "[t]he totality of circumstances indicate that appellant subjectively understood

that by pleading guilty to a sexually oriented offense, he would be subjected to certain restrictions as a Tier III sex offender." *Id.* at ¶ 17.

{¶21} Appellant also argues that because the trial court wholly failed to comply with Crim.R. 11, appellant need not show that he was prejudiced by the trial court's error in failing to notify him of the community notification and residential restrictions. However, having found that the trial court did substantially comply, appellant must therefore demonstrate actual prejudice. "A defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue." *Veney* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 17. We find that appellant has failed to argue, much less present any evidence, that he was prejudiced by the trial court's omission or that his plea would have otherwise not been made. *See Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶22} Lastly, we note that the trial court provided appellant with a sex offender classification form. This form provided appellant with information relative to his duties and responsibilities as a Tier III sex offender and was presented for appellant to sign at the sentencing hearing. Further, as we can discern from the sentencing hearing transcript, appellant signed this form. We can also presume that appellant's counsel reviewed this form with him.

{¶23} In our review of the record, we find that the trial court substantially complied with Crim.R. 11 because it sufficiently articulated to appellant his duties as a Tier III sex offender.

{¶24} Accordingly, appellant's sole assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR