[Cite as *State v. Brown*, 2019-Ohio-527.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 106410

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DORIAN BROWN**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED; REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-611487-A

**BEFORE:** E.A. Gallagher, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 14, 2019

**ATTORNEYS FOR APPELLANT**

Eric M. Levy
55 Public Square, Suite 1600
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Andrew J. Santoli
Holly Welsh
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Dorian Brown appeals his conspiracy conviction entered in the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse and remand.

**Facts and Procedural History**

{¶2} On November 15, 2016, Brown was indicted on charges of aggravated murder, two counts of aggravated robbery, murder, three counts of felonious assault, two counts of kidnapping, grand theft, conspiracy, trafficking in persons and promoting prostitution. On September 14, 2017, Brown pled guilty to the conspiracy charge and the remaining counts were nolled. The trial court held a joint sentencing hearing on the present case and another case, CR-15-600700, wherein Brown was convicted of trafficking in persons and compelling prostitution following a jury trial. The court imposed a prison term of five-years in this case

and ordered Brown to serve the sentence consecutively, and following, a 13-year prison term imposed against him in CR-15-600700. Finally, the trial court found Brown to be a Tier II sex offender.

**Law and Analysis**

**I. Sex Offender Classification**

{¶3} We begin by addressing Brown's second assignment of error out of order because we find it to be dispositive of the present appeal. In this assignment of error, Brown argues that the trial court erred in classifying him as a Tier II sex offender for his conspiracy conviction and that his plea was invalid because the trial court failed to advise him during the plea colloquy that he would be classified as a sex offender by operation of his plea.

{¶4} The indictment set forth the following details regarding the conspiracy charge to which Brown admitted by pleading guilty:

> [Brown], with purpose to commit or to promote or facilitate the commission of Trafficking in Persons in violation of [R.C.] 2905.32 did, agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of Trafficking in Persons in violation of [R.C.] 2905.32 and in furtherance of the conspiracy did undertake substantive overt acts, to wit: 1) Brown and [Jason] Dowell did supervise the other person's prostitutes when that person could not be present to ensure that the prostitutes were engaging in sexual activity for hire and would collect money for the other. 2) Brown introduced Jane Doe 2 to Dowell for the purpose of having her engage in prostitution. 3) Brown and Dowell would share prostitutes and/or profits earned by the prostitutes.
>
> * * *
>
> Furthermore, and the object of the conspiracy was a felony of the first degree, to wit: Trafficking in Persons (2905.32(A)).

{¶5} Pursuant to R.C. 2950.01(F)(1)(g) and (i), a defendant who pleads guilty to conspiracy to commit trafficking in persons qualifies as a Tier II sex offender/child-victim

offender if the violation satisfies R.C. 2950.01(A)(11)(a), (b) or (c). The parties dispute whether R.C. 2950.01(A)(11)(a) was satisfied in this instance. That section provides:

> The violation is a violation of [R.C. 2905.32(A)(1)] and the offender knowingly recruited, lured, enticed, isolated, harbored, transported, provided, obtained, or maintained, or knowingly attempted to recruit, lure, entice, isolate, harbor, transport, provide, obtain, or maintain, another person knowing that the person would be compelled to engage in sexual activity for hire, engage in a performance that was obscene, sexually oriented, or nudity oriented, or be a model or participant in the production of material that was obscene, sexually oriented, or nudity oriented.

**{¶6}** Brown concedes that the trafficking in persons offense underlying his conspiracy conviction was a violation of R.C. 2905.32(A)(1). We find that the facts stated in the indictment and admitted to by Brown satisfy the definition set forth in R.C. 2905.01(A)(11)(a) such that by reason of his guilty plea, Brown was required to be classified as a Tier II sex offender.

**{¶7}** However, this conclusion does not end our inquiry. The record reflects that the trial court failed to address the fact that Brown's conspiracy offense would require sexual offender classification during his plea colloquy. Because sexual offender classification under R.C. Chapter 2950 is punitive in nature, it must be addressed during a Crim.R. 11 plea colloquy. *State v. Allen*, 8th Dist. Cuyahoga No. 97820. 2013-Ohio-258, ¶ 11; *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 16. A trial court only needs to substantially comply with the nonconstitutional requirements of Crim.R. 11(C)(2)(a), which includes the maximum penalties. *Creed* at ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero* at 108. The trial court is not "required to review each of the numerous individual restrictions set forth in

R.C. Chapter 2950" in order to substantially comply with Crim.R. 11 in advising a defendant regarding his sexual offender classification. *Creed* at ¶ 16.

{¶8} When the trial court does not "substantially comply" with Crim.R. 11(C)(2)(a), a reviewing court must then "determine whether the trial court partially complied or failed to comply with this rule." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.*, citing *Nero*. "The test for prejudicial effect is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 32, quoting *Nero*. "If the trial judge completely failed to comply with the rule * * *, the plea must be vacated." *Id.* at ¶ 32, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. A complete failure to comply with the rule does not implicate an analysis of prejudice. *Sarkozy* at ¶ 22.

{¶9} In *Creed*, the trial court informed the defendant during the plea colloquy that he would be labeled a Tier III sex offender by operation of his plea and that he would be subject to various reporting and notification requirements but failed to inform him that he would be prohibited from living within 1,000 feet of a school. We found substantial compliance with Crim.R. 11(C)(2)(a) in that instance because the totality of the circumstances indicated that the defendant subjectively understood that by pleading guilty to a sexually oriented offense, he would be subjected to certain restrictions as a Tier III sex offender.

{¶10} Similarly, in *Allen*, 8th Dist. Cuyahoga No. 97820. 2013-Ohio-258, and *State v. Gonzalez*, 8th Dist. Cuyahoga No. 100848, 2015-Ohio-673, we found substantial compliance where the defendants were advised they would be classified as a sexual offender and informed of some, but not all, of the penalties associated with the classification.

{¶11} We note that the Ohio Supreme Court is presently considering a certified conflict between our decision in *Creed,* 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, and the Sixth District's decision in *State v. Dangler*, 6th Dist. Williams No. WM-16-010, 2017-Ohio-7981. The court is considering whether a sentencing court's failure to inform a defendant during a plea hearing of all the penalties associated with sex offender classification under R.C. Chapter 2950 constitutes a complete failure to comply with Crim.R. 11 and thus renders the plea void without regard to prejudice. *Dangler*.

{¶12} The present case differs from *Creed*, *Allen* and *Gonzalez* in that not only did the trial court fail to discuss *any* of the penalties associated with sex offender classification, the court failed to even advise Brown that he would be classified as a sexual offender by reason of his guilty plea to conspiracy. In fact, the record reflects that as late as the sentencing hearing the trial court did not believe that Brown's conspiracy charge qualified for sexual offender classification.

{¶13} We find the trial court's omission of any reference to sexual offender classification at Brown's plea hearing to constitute a complete failure to comply with Crim.R. 11. The Seventh District reached the same conclusion in *State v. Huff*, 7th Dist. Belmont No. 13 BE 37, 2014-Ohio-5513, finding a complete failure to comply with Crim.R. 11 where the trial court failed to mention during the plea colloquy that the defendant would be required to register as a sex offender as a consequence of his plea. *Id*. at ¶ 2, 22. We find the present facts to be analogous to *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, wherein the Ohio Supreme Court found a complete failure to comply with Crim.R. 11 due to a trial court's failure to mention postrelease control at all during a plea colloquy.

{¶14} Because the present facts constitute a complete failure to comply with Crim.R. 11, Brown's plea is void. *Sarkozy* at ¶ 25.

{¶15} Brown's second assignment of error is sustained.

{¶16} Because Brown's plea is vacated on the ground that the trial court failed to advise him of his sex offender registration status, his remaining assignments of error challenging the postrelease control advisement during his plea, the imposition of consecutive sentences and the failure to assess jail-time credit are moot. To the extent that any sentence is ordered to run consecutive to CR-15-600700, the trial court is required to give jail-time credit on the total term of the consecutive sentences as a whole that must be reflected in the journal entries of both cases.

{¶17} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion. We vacate Brown's plea and remand for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR