[Cite as *State v. Baker*, 2020-Ohio-107.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                  No. 108301

    v.                          :

ANTONIO BAKER,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; VACATED IN PART;
                REMANDED
**RELEASED AND JOURNALIZED:** January 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-16-611860-A, CR-16-611862-A, CR-16-611863-A,
CR-17-615143-A, CR-17-615423-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Mary M. Frey and Hannah Smith, Assistant
Prosecuting Attorneys, *for appellee.*

Anna Markovich, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} This consolidated appeal arises from defendant-appellant Antonio

Baker's convictions in five cases: Cuyahoga C.P. Nos. CR-16-611860-A ("611860"),

CR-16-611862-A ("611862"), CR-16-611863-A ("611863"), CR-17-615143-A

("615143") and CR-17-615423-A ("615423"). Baker contends that his guilty plea to rape in 611863 was not knowing, intelligent and voluntary and should be vacated because it subjected him to classification and registration requirements, community notification requirements and residential restrictions as a Tier III sex offender of which the trial court failed to inform him during the Crim.R. 11(C)(2) plea colloquy. Baker further contends that the trial court erred in ordering that his sentences in 611863 and 615143 be served consecutively to one another and to the sentences imposed in 611860, 611862 and 615423 because it failed to make the findings required under R.C. 2929.14(C)(4) for the imposition of consecutive sentences at the sentencing hearing.

{¶ 2} For the reasons that follow, in 611863, we vacate Baker's guilty plea to the rape count (Count 1) and the sentence imposed on the felonious assault count (Count 5) (which was found to have merged with a kidnapping count (Count 7)) and remand for further proceedings as to the rape count. With respect to all five cases, we vacate the trial court's imposition of consecutive sentences and remand for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and if so, to (1) make all of the required findings on the record and (2) incorporate those findings in its sentencing journal entries.

**Procedural History and Factual Background**

{¶ 3} In December 2016 and March 2017, Baker was indicted on 22 counts in five cases in connection with a series of thefts, assaults and sexual offenses that occurred from April 2015 through November 2016. Baker initially pled not guilty to

all charges. The parties thereafter reached a plea agreement with respect to the charges in all five cases. Pursuant to the plea agreement, Baker agreed to plead guilty to the following counts:

- in 611860 — one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony;

- in 611862 — one count of robbery in violation of R.C. 2911.02, a third-degree felony;

- in 611863 — one count of rape in violation of R.C. 2907.02(A)(2), a first-degree felony, with one-year and three-year firearm specifications; an amended count of kidnapping in violation of R.C. 2905.01(A)(4), a first-degree felony, with a sexual motivation specification; an amended count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony; an amended count of kidnapping in violation of R.C. 2905.01(A)(3), a first-degree felony; two counts of endangering children in violation of R.C. 2919.22(A), a first-degree misdemeanor; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; the parties agreed that the firearm specifications would merge and that the felonious assault count would merge with the second kidnapping count, with the state electing to sentence Baker on the kidnapping count;

- in 615143 — one count of aggravated robbery in violation of R.C. 2911.01(A)(3), a first-degree felony; one count of disrupting public service in violation of R.C. 2909.04(A)(1), a fourth-degree felony; and one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor.

- in 615423 — an amended count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony.

In exchange for these guilty pleas, the remaining counts against Baker were to be dismissed.

{¶ 4} On November 6, 2017, the trial court held a change-of-plea hearing. After the state and defense counsel set forth the terms of the plea agreement on the

record, the trial judge proceeded with the plea colloquy. In response to the trial judge's preliminary questions, Baker indicated that he understood what had been stated on the record regarding the plea agreement, that he was a United States citizen, that he had attended school through the ninth grade and that he was not under the influence of any alcohol, narcotic drugs or medication. Baker further acknowledged that he was satisfied with the representation he had received from his counsel.

{¶ 5} The trial court advised Baker of his constitutional rights and confirmed that he understood the rights he would be waiving by entering his guilty pleas. The trial court then identified each of the counts to which Baker would be pleading guilty and set forth the potential penalties he would face on each count by pleading guilty. Specifically, with respect to the rape count in 611863, the trial court stated:

> 611863, Count 1 is a felony of the first degree. That's 3 to 10 years on the underlying charge with a fine up to $20,000. There are two firearm specifications which, as you heard, will be merged. So there's an additional 3 years that must be served in addition to and prior to that 3 to 11 years.
>
> Furthermore, that is a Tier 3 sex offense, and we'll go into that later.

{¶ 6} The trial judge further stated that in 611683, "Count 7 [the second kidnapping count] would merge with Count 5 [the felonious assault count], so for sentencing purposes it will be as though you only have Count 7 to deal with." The trial judge informed Baker that all of his sentences could be imposed consecutively

and explained that his sentences would also include five years of mandatory postrelease control. The trial judge also informed Baker that, because he was on postrelease control when he committed these offenses, he could be subject to additional sanctions for violating postrelease control based on the new convictions. Once again, Baker confirmed that he understood.

{¶ 7} After the trial court concluded its advisements, Baker pled guilty to each of the charges above in accordance with the plea agreement. He confirmed that no one had made any threats or promises to induce him to enter his guilty pleas other than as set forth on the record. The trial court found that Baker understood his constitutional rights and that he had voluntarily and willingly waived those rights. The trial court accepted Baker's guilty pleas and dismissed the remaining counts with which he had been charged in the five cases.

{¶ 8} The court scheduled the sentencing hearing for later that week and stated that "[w]e will go into the details of the Tier 3 sex offender registration * * * at that time."

{¶ 9} Baker was sentenced on November 9, 2017. At the outset of the hearing, the trial judge explained the registration requirements associated with Baker's classification as a Tier III sex offender. After hearing from Baker, defense counsel and the assistant prosecuting attorney (who read statements from several of Baker's victims), the trial court sentenced Baker to an aggregate sentence of 15 years as follows:

• in 611860 — two years on the felonious assault count, to be served concurrently with the sentences in 611862 and 615423 but consecutively to the sentences in 611863 and 615143;

• in 611862 — two years on the robbery count, to be served concurrently with the sentences in 611860 and 615423 but consecutively to the sentences in 611863 and 615143;

• in 611863 — an aggregate sentence of eight years: five years on the underlying rape charge plus three years on the firearm specifications (merging the one-year and three-year firearm specifications) to be served prior to and consecutively with the five-year sentence on the rape charge; five years on each of the kidnapping counts; three years on the felonious assault count; six months on each of the endangering children counts and two years on the having weapons while under disability count, with the sentences on each count to run concurrently with one another but consecutively to the sentences in 611860, 611862, 615143 and 615423;

• in 615143 — an aggregate sentence of five years: five years on the aggravated robbery count, one year on the disrupting public service count, and six months on the assault count, with the sentences on each count to run concurrently with one another but consecutively to the sentences in 611860, 611862, 611863 and 615423; and

• in 615423 — two years on the amended burglary count to be served concurrently with the sentences in 611860 and 611862 and consecutively to the sentences in 611863 and 615143.

{¶ 10} The trial judge made no consecutive sentencing findings at the sentencing hearing but set forth findings in support of the imposition of consecutive sentences in its sentencing journal entries in each of the five cases as follows:

The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any

of the courses of conduct adequately reflects the seriousness of defendant's conduct, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

{¶ 11} This court granted Baker leave to file a delayed appeal. He raises the following two assignments of error for review:

Assignment of Error I
The trial court erred in imposing consecutive sentences without making the requisite findings under R.C. 2929.14(C)(4) at sentencing hearing.

Assignment of Error II
The appellant's guilty plea to rape with firearm specifications was invalid, where guilty plea subjected him to sex offender registration and community notification and residential restrictions as Tier III sex offender, but the trial court failed to inform appellant of those implications during plea colloquy.

{¶ 12} We address Baker's second assignment of error first.

**Law and Analysis**

**Sex Offender Classification and Crim.R. 11(C)(2)(a)**

{¶ 13} In his second assignment of error, Baker contends that his guilty plea to the rape count (Count 1) in 611863 was invalid because the trial court failed to advise him during the Crim.R. 11(C)(2) plea colloquy that his guilty plea would subject him to registration requirements, community notification requirements and residency restrictions as a Tier III sex offender. As such, Baker requests that we vacate his rape conviction.

{¶ 14} "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *State v.*

*Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; *see also State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.").

{¶ 15} In considering whether a criminal defendant knowingly, intelligently and voluntarily entered a guilty plea, we first review the record to determine whether the trial court complied with Crim.R. 11(C). *State v. Kelley*, 57 Ohio St.3d 127, 128-129, 566 N.E.2d 658 (1991); *State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247, ¶ 41 (8th Dist.). Crim.R. 11(C) prescribes the process a trial court must follow before accepting a guilty plea to a felony. *Bishop* at ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. Under Crim.R. 11(C)(2), a trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 16} The trial court must strictly comply with those provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights. *Veney* at syllabus. As to the nonconstitutional aspects of Crim.R. 11(C)(2), which includes a defendant's right to have an understanding of "the maximum penalty involved," substantial compliance is required. *Veney* at ¶ 14; *State v. Moore*, 8th Dist. Cuyahoga No. 105240, 2017-Ohio-8483, ¶ 18, 23. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). If a trial court fails to substantially comply with a nonconstitutional aspect of Crim.R. 11(C)(2), a determination must be made as to whether the trial court partially complied or completely failed to comply with the requirement at issue. *Clark* at ¶ 32. If the trial court partially complied, the plea is properly vacated only if the defendant demonstrates prejudice, i.e., that the plea would not have otherwise been made. *Id.*; *Nero* at 108. If the trial court completely failed to comply with the requirement, the plea must be vacated; a showing of prejudice is not required. *Clark* at ¶ 32. Whether the trial court accepted a plea in compliance with Crim.R. 11(C)(2) is subject to de novo review, based on the totality

of the circumstances. *See, e.g., State v. Jackson*, 8th Dist. Cuyahoga No. 99985, 2014-Ohio-706, ¶ 6.

{¶ 17} R.C. Chapter 2950 sets forth the registration requirements, community notification requirements and residency restrictions that apply to Tier III sex offenders. Because sexual offender classification under R.C. Chapter 2950 is punitive in nature, it must be addressed during a Crim.R. 11(C)(2) plea colloquy as part of "the maximum penalty involved." *State v. Brown,* 8th Dist. Cuyahoga No. 106410, 2019-Ohio-527, ¶ 7; *State v. Allen*, 8th Dist. Cuyahoga No. 97820, 2013-Ohio-258, ¶ 11; *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 15-16.

{¶ 18} The state urges us to find that the trial court substantially complied with its obligations to inform Baker of his sex offender status and the consequences of that status prior to accepting his guilty plea based on: (1) the trial court's description of the rape count as a "Tier 3 sex offense" during the plea colloquy; (2) statements the assistant prosecuting attorney made regarding the rape count at an August 22, 2018 hearing when describing a plea offer the state had offered but Baker had rejected and (3) the notifications the trial court provided Baker regarding his status as sex offender at the sentencing hearing, claiming that the parties had "agreed to discuss the details of the Tier III sex offender registration * * * at sentencing."

{¶ 19} As it relates to a defendant's classification as a sex offender, this court has previously found substantial compliance with Crim.R. 11(C)(2)(a) where a

defendant was advised, during the plea colloquy, that the defendant would be classified as a sexual offender and informed of some, but not all, of the penalties associated with that classification. *See, e.g., Creed*, 2012-Ohio-2627, at ¶ 17; *Allen*, 2013-Ohio-258, at ¶ 13-15 (substantial compliance with Crim.R. 11(C)(2)(a) where trial court advised defendant during plea colloquy that, as a Tier III sex offender, he would be required to register every 90 days for the result of his life); *State v. Johnson*, 8th Dist. Cuyahoga No. 106322, 2018-Ohio-5029, ¶ 14-20 (trial court substantially complied with Crim.R. 11(C)(2)(a) notwithstanding failure to notify defendant of residential restrictions and community notification requirements where record reflected that defendant was informed, prior to the entry of his guilty plea, that he would be classified as a Tier III sex offender and that, as a Tier III sex offender, would be subject to various reporting requirements for life); *State v. Jones*, 8th Dist. Cuyahoga No. 107275, 2019-Ohio-993, ¶ 14-15 (substantial compliance with Crim.R. 11(C)(2)(a) where trial court mentioned defendant's Tier III sex offender classification and advised him he would be subject to the attendant registration requirements for life).

{¶ 20} In *Creed*, for example, the trial court informed the defendant during the plea colloquy that he would be classified as a Tier III sex offender by operation of his plea and that he would be subject to various reporting and notification requirements for life. *Creed*, 2012-Ohio-2627, ¶ 16. The trial court, however, did not inform the defendant that he would be prohibited from living within 1,000 feet of a school. *Id.* at ¶ 13, 17. This court held that the trial court was not "required to

review each of the numerous individual restrictions and requirements set forth in R.C. Chapter 2950" in advising the defendant regarding his or her sexual offender classification during the plea colloquy in order to substantially comply with Crim.R. 11(C)(2)(a). *Creed* at ¶ 16. This court found that the trial court's advisement substantially complied with Crim.R. 11(C)(2)(a) because "[t]he totality of the circumstances indicates that [the defendant] subjectively understood that by pleading guilty to a sexually oriented offense, he would be subjected to certain restrictions as a Tier III sex offender" and that the fact that he "was not specifically informed" that he would be prohibited from living within 1,000 feet of a school did not "invalidate his plea." *Id.* at ¶ 17.[1]

{¶ 21} This is not that case. Rather, this case is more akin to our decision in *Brown*, 2019-Ohio-527. In *Brown*, the trial court found the defendant to be a Tier II sex offender after he pled guilty to conspiracy to commit trafficking in persons. *Id.* at ¶ 2. The trial court had failed to inform the defendant that he would be

---

[1] We note that the Ohio Supreme Court is currently considering a certified conflict between (1) this court's decision in *Creed*, 2012-Ohio-2627, and the Second District's decision in *State v. Young*, 2d Dist. Greene No. 2013-CA-22, 2014-Ohio-2213, and (2) the Sixth District's decision in *State v. Dangler*, 6th Dist. Williams No. WM-16-010, 2017-Ohio-7981. The Sixth District certified the following question for review by the court:

> During a plea proceeding, does the failure of the sentencing court to inform a defendant of all of the penalties associated with a sex offender classification imposed by R.C. Chapter 2950 constitute a complete failure to comply with Crim.R. 11 and render the plea void without the need to show prejudice resulted?

The court has also accepted *State v. Johnson*, 8th Dist. Cuyahoga No. 106322, 2018-Ohio-5029, for review and it is being held for the decision in *Dangler*.

classified as a sexual offender by reason of his guilty plea or regarding any of the penalties associated with his sex offender classification. *Id.* at ¶ 6-7, 12. This court found that the trial court's "omission of any reference to sexual offender classification" at the defendant's change-of-plea hearing constituted a complete failure to comply with Crim.R. 11(C)(2)(a) and that the defendant's guilty plea was, therefore, void. *Id.* at ¶ 13-14; *see also State v. Wallace,* 10th Dist. Franklin No. 17AP-818, 2019-Ohio-1005, ¶ 9-19 (trial court completely failed to comply with Crim.R. 11(C)(2)(a) where it did not inform defendant that as a result of his guilty plea he would be classified as a Tier III sex offender and would be subject to registration, community notification and verification requirements); *State v. Huff*, 7th Dist. Belmont No. 13 BE 37, 2014-Ohio-5513, ¶ 2, 15, 20-22, 27 (defendant's no contest plea vacated based on trial court's complete failure to comply with Crim.R. 11(C)(2)(a) where trial court failed to inform defendant during plea colloquy that he would be required to register as a sex offender as a consequence of his plea).

{¶ 22} Based on the record before us, considering the totality of the circumstances, we find that the trial court did not substantially comply, and completely failed to comply, with its obligations under Crim.R. 11(C)(2)(a) as it relates to Baker's classification as a sex offender. The record reflects that, prior to the entry of Baker's guilty pleas, the trial court informed Baker only that the rape count to which he would be pleading guilty was a "Tier 3 sex offense." The trial court provided no explanation of what that meant or any indication that the fact that Baker would be pleading guilty to a "Tier 3 sex offense" had any additional penalties or

consequences for Baker beyond those the trial court had already identified, stating only "we'll go into that later." However, the trial court did not "go into that" before Baker entered, and the trial court accepted, his guilty plea. There is no indication on the record that the trial court or anyone else informed Baker prior to the entry and acceptance of his guilty plea that the fact that the rape count was a "Tier 3 sex offense" meant that by pleading guilty to the rape count (1) he would be classified as a Tier III sex offender and (2) based on that classification, he would be subject to various requirements and restrictions, including lifetime registration requirements, community notification requirements and residency restrictions, in addition to any other penalties he might receive by pleading guilty to that offense.

{¶ 23} Although the trial court notified Baker of his Tier III sex offender status and the registration requirements to which he was subject as a Tier III sex offender at the sentencing hearing, Crim.R. 11(C)(2)(a) requires that the trial court "ensure *during the plea hearing* that the defendant is entering his guilty plea 'with understanding of the nature of the charges and of the maximum penalty involved.'" (Emphasis added.) *Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, at ¶ 14, quoting Crim.R. 11(C)(2)(a). Contrary to the state's assertion, there is nothing in the record to indicate that "the parties agreed to discuss the details of the Tier III sex offender registration * * * at sentencing."

{¶ 24} Likewise, we cannot say that the assistant prosecutor's comments on August 22, 2018, two-and-one-half months before the change-of-plea hearing, describing a plea offer Baker rejected, were sufficient to satisfy the trial court's

obligations under Crim.R. 11(C)(2)(a) with respect to Baker's classification as a sex offender. At that hearing the assistant prosecuting attorney stated, with respect to the rape count in 611863:

> [ASSISTANT PROSECUTING ATTORNEY]: And then starting with 611863.
>
> THE COURT: Okay.
>
> [ASSISTANT PROSECUTING ATTORNEY]: The State would accept a plea to Count 1, a felony of the first degree tier-three rape, as indicted including the one- and three-year firearm specifications as indicted. * * * And then just for purposes of the record, with the tier — with the rape being tier three, that is a registration every 90 days, but I believe that's just one of the tier III — it were life. Tier II would be for 20 years.

{¶ 25} Because we find that there was a complete failure to comply with Crim.R. 11(C)(2)(a) as it relates to Baker's sex offender status, Baker was not required to show that he was prejudiced by the trial court's failure to comply. *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. Baker's guilty plea to the rape count must be vacated. *Brown,* 2019-Ohio-527, ¶ 13-14, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 25. We sustain Baker's second assignment of error.

**Sentencing on Merged Offense**

{¶ 26} With respect to 611863, we also note, sua sponte, that although the parties agreed as part of their plea agreement that the felonious assault count (Count 5) would merge with the second kidnapping count (Count 7), and the trial court informed Baker during the plea colloquy that the felonious assault count would

merge with the second kidnapping count, the trial court imposed concurrent sentences on the felonious assault count and the second kidnapping count instead of sentencing him only on the second kidnapping count as elected by the state. "[T]he imposition of concurrent sentences is not the equivalent of merging allied offenses[.]" *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 3. A sentence is void where the trial court determines that multiple counts should be merged but then proceeds to impose separate sentences in disregard of its own ruling. *Id.* at ¶ 28-29; *see also State ex rel. Cowan v. Gallagher*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407, ¶ 20. Accordingly, we vacate Baker's sentence on the felonious assault count (Count 5) in 611863.

### Imposition of Consecutive Sentences

{¶ 27} In his first assignment of error, Baker contends that his consecutive sentences should be vacated because the trial court failed to make the findings necessary for the imposition of consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing. We agree.[2]

---

[2] The state asserts that the sentences imposed in this case are not reviewable because "[a] trial court's imposition of non-mandatory consecutive sentences within an agreed sentencing range is a jointly recommended sentence authorized by law and not reviewable" and there was an "implicit agreement of the sentencing possibilities." There is no support for this assertion in the record. Although R.C. 2953.08(D)(1) states, "[a] sentence imposed upon a defendant is not subject to review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge," there is nothing in the record to suggest that the parties had agreed to a sentence or a sentencing range. To the contrary, the record reflects that there was no such agreement. The trial judge stated at the outset of the sentencing hearing: "[a]lthough there was some discussion about the sentencing range to be imposed, there was no formal agreement between your attorney and you on

{¶ 28} To impose consecutive sentences, a trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 29} The trial court must make the required statutory findings at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. To make the requisite "findings" under the statute, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State*

---

the one hand and the State of Ohio on the other. That matter was left to the discretion of the Court."

*v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). When imposing consecutive sentences, the trial court is not required to give a "talismanic incantation of the words of the statute." *Bonnell* at ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 30} In this case, although the trial court set forth all the requisite findings for imposing consecutive sentences in its sentencing journal entries, it did not make any of these findings at the sentencing hearing. As such, Baker's consecutive sentences are contrary to law. *See, e.g., Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 36-37; *State v. Lariche*, 8th Dist. Cuyahoga No. 106106, 2018-Ohio-3581, ¶ 25; *see also State v. Hairston*, 10th Dist. Franklin Nos. 17AP-416 and 17AP-417, 2017-Ohio-8719, ¶ 13-14.

{¶ 31} We sustain Baker's first assignment of error.

**Conclusion**

{¶ 32} In 611863, we vacate Baker's guilty plea to the rape count (Count 1) and the sentence imposed on the felonious assault count (Count 5) and remand for further proceedings as to the rape count. With respect to all five cases, we vacate the trial court's imposition of consecutive sentences and remand for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and if so, to (1) make all of the required findings on the record and (2) incorporate those findings in its sentencing journal entries. We affirm in all other respects.

**{¶ 33}** Judgment affirmed in part; vacated in part; remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
ANITA LASTER MAYS, J., CONCUR