[Cite as *State v. Fisher*, 2021-Ohio-1592.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109276 |
| v. | : | |
| TERRANCE FISHER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 6, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-635959-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellee.*

Valore & Gordillo, L.L.P., and Dean M. Valore, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Appellant, Terrance Fisher ("Fisher") appeals his conviction and sentence to 54 months in prison for sexual battery and attempted burglary. Fisher argues that the trial court completely failed its Crim.R. 11 duties to inform him of the

implications of being classified as a Tier III sex offender. After reviewing the pertinent law and facts of the case, we affirm the decision of the trial court.

## I.    Facts and Procedural History

{¶ 2} Fisher entered guilty pleas to an amended indictment charging him with one count of sexual battery, a felony of the third degree; and with one count of attempted burglary, a felony of the third degree. He was sentenced to 54 months in prison for the sexual battery charge and 30 months for the burglary charge, with the terms to be served concurrently.

{¶ 3} At the outset of Fisher's change-of-plea hearing, the prosecution explained that the state of Ohio sought to amend Count 2 of the indictment to sexual battery, a felony of the third degree. In addition to describing the potential prison term and mandatory postrelease control sanctions, the prosecution stated that the penalty for sexual battery is "a Tier III sex offender registration which is every 90 days for life registration. There are community residential requirements as well." Fisher's counsel assured the court that he had "spoken with [his] client, explained to him his trial and constitutional rights * * * I believe he will * * * enter a plea of guilty as outlined." Moments later the court asked Fisher, "Are you able to understand this proceeding as it is occurring?" to which he responded, "Yes, ma'am."

{¶ 4} Shortly thereafter, the trial court reiterated that sexual battery is a felony of the third degree, is possibly punishable from 12 to 60 months in six-month increments, carries a maximum discretionary fine of $10,000, and requires

imposition of postrelease control for a period of five years.  In addition, the trial court made the following advisement regarding Fisher's sex offender status and the implications that follow from it:

> THE COURT:  Sir, any plea to this case would render you as a Tier III sex offender which the Court will review with you at your sentencing. Do you understand?
>
> THE DEFENDANT:  Yes, ma'am.

## II.  Law and Analysis

{¶ 5}  Fisher raises one assignment of error for our review, arguing that the trial court completely failed to meet its duties under Crim.R. 11 because it did not notify him during the plea colloquy that he would be subject to registration requirements and residency restrictions under R.C. 2929.50 by pleading guilty to sexual battery.  As a result, Fisher argues that his plea was not entered knowingly, intelligently, or voluntarily and must be vacated.

{¶ 6}  Crim.R. 11(C) prescribes the process the trial court must follow before accepting a defendant's plea of guilty or no contest to ensure it is made knowingly, intelligently, and voluntarily.  *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11.  We review de novo, whether under the totality of the circumstances, the trial court's plea colloquy complied with Crim.R. 11.  *State v. Jackson*, 8th Dist. Cuyahoga No. 99985, 2014-Ohio-706, ¶ 6.

{¶ 7}  Crim.R. 11(C) outlines the trial court's duties to advise the defendant of his or her constitutional and nonconstitutional rights before accepting a plea of guilty or no contest.  Crim.R. 11(C)(2)(c) identifies the constitutional rights a

defendant gives up by entering a guilty or no contest plea. A trial court is required to strictly comply when advising a defendant of his or her constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18.

{¶ 8} Crim.R. 11(C)(2)(a) and (b) identify the nonconstitutional rights a trial court must address with a defendant before accepting a plea of guilty or no contest. A trial court must substantially comply with Crim.R. 11(C)(2)(a) and (b) when advising the defendant of those rights. "A plea is in substantial compliance * * * when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker*, 8th Dist. Cuyahoga No. 65794, 1994 Ohio App. LEXIS 4450, 4-5 (Sept. 29, 1994), citing *State v. Rainey*, 3 Ohio App.3d 441, 446 N.E.2d 188 (10th Dist.1982), paragraph one of the syllabus. "Under this standard, a slight deviation from the text of the rule is permissible: so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 9} A defendant seeking to vacate a guilty plea must demonstrate prejudice unless (1) the trial court failed to explain the constitutional rights the defendant waived by pleading guilty or no contest, or (2) the trial court failed completely to advise the defendant of his nonconstitutional rights. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14, 15; *Nero* at 108;

*State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. Prejudice is demonstrated by showing that but for the failings of the trial court, the defendant would not have otherwise entered the plea. *Nero* at 108. In this appeal, Fisher does not quarrel with the way the trial court advised him of his constitutional rights.

{¶ 10} Fisher claims the trial court failed completely to advise him of the maximum penalty he faced as required by Crim.R. 11(C)(2)(a) when he entered a guilty plea to a charge of sexual battery. We disagree. At the plea colloquy the judge advised Fisher of the possible prison sentence and the fine he faced, and that he would be classified as a Tier III sex offender.

{¶ 11} Being labeled a Tier III sex offender and the implications of that classification are punitive in nature. *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. The *Williams* Court found that the entire statutory scheme of R.C. Chapter 2950 taken as a whole was punitive, no single provision taken alone was punitive. Thus, failing to advise the defendant of any individual ramification of his plea does not rise to the level of a complete failure. *Accord State v. Dornoff*, 6th Dist. Wood No. WD-16-072, 2020-Ohio-3909, ¶ 17 (finding that upon remand from the Supreme Court a trial court does not completely fail when it does not separately advise defendant of the "sex-offender registration and in-person verification requirements, community-notification provisions, and residence restrictions imposed by the sex-offender registration scheme" prior to accepting his or her plea).

{¶ 12} Reviewing the totality of the circumstances, we conclude that Fisher's plea was entered knowingly, voluntarily, and intelligently and that the trial court did not completely fail to advise Fisher of the maximum penalty he faced. Before accepting Fisher's guilty plea, the trial court explained that by pleading guilty to sexual battery he faced a sentence of 12 to 60 months in prison, a fine of up to $10,000, that he would be subject to mandatory postrelease control, and that he would be classified as a Tier III sex offender, which would be further discussed with him at sentencing. By explaining that being classified a Tier III sex offender would be further discussed at sentencing, the trial court indicated that the classification was part of his punishment, even though it did not inform him of his specific obligations flowing from that classification. *See State v. Jones*, 8th Dist. Cuyahoga No. 107275, 2019-Ohio-993, ¶ 14; *State v. Brown*, 2019-Ohio-527, 132 N.E.3d 176, ¶ 13 (8th Dist.). The judge asked whether Fisher understood each of the advisements, to which he replied yes. At the hearing, shortly before the colloquy between Fisher and the court, the prosecutor explained that the punishment for the sexual battery count includes "a Tier III sex offender registration which is every 90 days for life registration. There are community residential requirements as well."

{¶ 13} The totality of the circumstances of this case are unlike those in *State v. Baker*, where this court vacated the defendant's guilty plea after finding a complete failure to advise of the maximum penalty. *State v. Baker*, 8th Dist. Cuyahoga No. 108301, 2020-Ohio-107. In *Baker*, the trial court simply advised the defendant that Count 1 to which he was pleading guilty was "a Tier 3 sex offense, and

we'll go into that later," but did nothing to indicate that "the fact that Baker would be pleading guilty to a 'Tier 3 sex offense' had any additional penalties or consequences." *Id.* at ¶ 22. The *Baker* Court pointed out that there was no indication that "the trial court or anyone else" informed the defendant that by entering his guilty plea to a "Tier 3 sex offense" he would be classified a Tier III sex offender or that he would face penalties as a result. *Id.*

{¶ 14} Moreover, and perhaps more importantly, the holding from *Baker*, is no longer valid law. In *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, at ¶ 22, the Ohio Supreme Court reviewed whether "the trial court was also required to separately go over the registration and in-person-verification requirements, community-notification provisions, and residency restrictions imposed by R.C. Chapter 2950" in order to substantially comply with Crim.R. 11. *Id.* at ¶ 21. The trial court in that case had advised the offender that he would have to register as a Tier III offender based on the plea. *Id.* at ¶ 1. The Ohio Supreme Court concluded that when a trial court advises the offender that he would be subject to the classification requirements of that statutory scheme, the court has not completely omitted the necessary advisements. *Id.* at ¶ 22. The analysis then turns to whether the offender was prejudiced as a result of the advisements that were or were not given by the court.

{¶ 15} The failure to provide a detailed breakdown of all registration requirements does not constitute the complete failure to advise the offender; consequently, in this setting, a defendant seeking to vacate a guilty plea must demonstrate prejudice. *See, e.g., State v. Duncan*, 8th Dist. Cuyahoga No. 109310,

2020-Ohio-6740, ¶ 15. Advising the offender of the tier classification system suffices to trigger the requirement that the defendant show prejudice. The sole purpose of the prejudice requirement is to avoid the squandering of judicial and taxpayer resources by overturning guilty pleas the offender has no desire to abandon.

{¶ 16} Because the trial court did not fail completely to make the Crim.R. 11 advisement on the maximum penalty, Fisher was required to demonstrate prejudice to be entitled to have his plea vacated. Fisher made no arguments whatsoever regarding prejudice.

{¶ 17} Accordingly, we find Fisher's sole assignment of error is without merit.

{¶ 18} We note that compliance with Crim.R. 11 is of the utmost importance to ensuring that any plea of guilty or no contest is knowing, voluntary, and intelligent. We echo the Supreme Court in encouraging all trial courts to "be thorough in reviewing consequences of a defendant's decision to enter a plea, including those stemming from classification as a sex offender: the duty to register and provide in-person verification, the community-notification provisions, and the residency restrictions." *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 25.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS WITH MAJORITY AND WITH SEPARATE CONCURRING OPINION;
SEAN C. GALLAGHER, P.J., CONCURS (WITH SEPARATE CONCURRING OPINION)

SEAN C. GALLAGHER, P.J., CONCURRING:

{¶ 20} I fully concur with the majority's conclusion, but write separately to clarify that not only is the holding from *Baker*, 8th Dist. Cuyahoga No. 108301, 2020-Ohio-107, no longer valid law, but neither is its progeny, *State v. Brown*, 2020-Ohio-4474, 158 N.E.3d 972, ¶ 14 (8th Dist.), which was issued after *Dangler*. In light of the fact that *Dangler* is controlling authority, *Brown* must be deemed to be an aberrant decision, and not one that can pose as an intradistrict conflict under App.R. 26.

{¶ 21}  In *Brown*, a divided panel concluded that the trial court's advisement of the penalty, which included the Tier III classification advisement, was a complete failure to advise the offender of the maximum penalty.  *Id.* at ¶ 13.  In that case, the trial court had inadvertently omitted the advisement notifying the offender of the

classification accompanying the plea, but acknowledged that deficiency immediately after accepting the guilty plea before the conclusion of the hearing and notifying the offender that the offense was subject to the Tier III classification. *Id.* at ¶ 14. That advisement triggered the prejudice analysis under *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, and the fact that the trial court provided the advisement after the plea colloquy, but before dismissing the parties, does not alter the analysis. Reversible error does not occur based on inadvertent omissions that are timely corrected. According to the *Brown* panel, the defendant acknowledged the classification advisement at the time he entered the plea after the trial court realized the mistake. This triggered the prejudice analysis under *Dangler*. *Brown* concluded otherwise citing *Baker*. Importantly, *Brown* did not base the error on the failure to provide the advisement during the colloquy but instead based the error on the content of the advisement. *Brown* at ¶ 29-30.

{¶ 22} Although the panel in *Baker* did not have the benefit of *Dangler*, the panel in *Brown* did. *Baker* was overruled by *Dangler,* and *Brown* conflicts with binding Ohio Supreme Court precedent and should be treated accordingly. With this clarification in mind, I fully concur with the majority opinion.