[Cite as *State v. Hindman*, 2023-Ohio-1974.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112026 |
| v. | : | |
| ROBERT HINDMAN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** June 15, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670360-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Maxwell Martin, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Robert Hindman appeals from his judgment of conviction, which was rendered after a plea by way of information. After a careful review of the record and pertinent law, we vacate the plea.

{¶ 2} After negotiations with the state, in May 2022, Hindman executed a waiver of indictment and presentment to the grand jury pursuant to R.C. 2941.021. The assistant prosecuting attorney placed the parties' agreement on the record. Under the agreement, Hindman pled guilty to a bill of information consisting of two counts of sexual battery, felonies of the second degree, and one count of endangering children, a misdemeanor of the first degree.

{¶ 3} In his first assignment of error, Hindman contends that his plea is invalid because the trial court failed to inform him at the plea hearing of the maximum penalty. Specifically, the trial court failed to inform Hindman that if he pled guilty to sexual battery he would be classified as a sex offender and be subject to certain registration requirements.

{¶ 4} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Guilty pleas are governed by Crim.R. 11. The rule requires the court to advise the defendant of certain constitutional and statutory rights, among those the maximum penalty involved. *See* Crim.R. 11(C)(2)(a).

{¶ 5} The record here demonstrates that the trial court complied with Crim.R. 11(C)(2)(c) and orally advised Hindman before accepting his felony plea that the plea waived his constitutional rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial.

{¶ 6} The record further demonstrates that the trial court complied with Crim.R. 11(C)(2)(a) and orally advised Hindman of his nonconstitutional rights. Specifically, the court advised him of the nature of the charges, eligibility for community-control sanctions, and the effect of his plea. The trial court also advised Hindman as to the prison time he faced for each of the three counts, as well as the prison time he was subject to on the sexual battery counts under the Reagan Tokes Law. At issue in this appeal is whether the trial court failed to fully advise Hindman of the maximum penalty involved given that it failed to advise him that his plea would result in him being a Tier III sex offender and of the accompanying registration requirements.

{¶ 7} In *State v. Brown*, 2019-Ohio-527, 132 N.E.3d 176 (8th Dist.), this court considered a situation where the trial court failed to mention that the defendant would be labeled a sex offender by virtue of his plea and the consequences of being labeled a sex offender. This court found that the omissions "constitute a complete failure to comply with Crim.R. 11" and vacated the plea. *Id.* at ¶ 13, 16.

{¶ 8} The state acknowledges *Brown* and concedes the error. Notwithstanding its concession, the state notes a subsequent decision from this court, *State v. Fisher*, 8th Dist. Cuyahoga No. 109276, 2021-Ohio-1592, in which two judges on this court called into question *Brown's* holding (*see* Sean C. Gallagher, P.J., concurring; and Kathleen Ann Keough, J., concurring with majority and Judge Sean C. Gallagher's separate concurring opinion).

**{¶ 9}** In *Fisher*, the defendant pled guilty to burglary and sexual battery, a crime for which a conviction of mandates a sex-offender classification. At the defendant's plea hearing, the trial court informed the defendant that "any plea to this case would render you as a Tier III sex offender which the Court will review with you at your sentencing." *Id.* at ¶ 4. The defendant indicated he understood. *Id.*

**{¶ 10}** On appeal, the defendant contended that the trial court "failed completely" to advise him of the maximum penalty he faced as required by Crim.R. 11(C)(2)(a) when he entered a guilty plea to a charge of sexual battery. *Id.* at ¶ 10. This court disagreed, noting that at the plea hearing the trial court advised him of the possible prison sentence, the fine he faced, and that he would be classified as a Tier III sex offender. *Id.*

**{¶ 11}** This court noted that "[b]eing labeled a Tier III sex offender and the implications of that classification are punitive in nature." *Id.* at ¶ 11, citing *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. This court reasoned, however, that while *Williams* found that the entire statutory scheme of the sex offender laws, found in R.C. Chapter 2950, as a whole are punitive, no single provision taken alone is punitive. *Fisher* at *id.*, citing *Williams*. This court therefore found that "failing to advise the defendant of any individual ramification of his [or her] plea does not rise to the level of a complete failure." *Fisher* at *id.*, citing *State v. Dornoff*, 6th Dist. Wood No. WD-16-072, 2020-Ohio-3909, ¶ 17.

**{¶ 12}** Under the "totality of the circumstances," this court found that the defendant knowingly, voluntarily, and intelligently entered his plea and that the trial

court did not "completely fail" to inform him of the maximum penalty he faced. *Fisher* at ¶ 12. The *Fisher* Court found that prior to accepting the defendant's plea, the trial court specifically informed the defendant that "he would be classified as a Tier III sex offender, which would be further discussed with him at sentencing." *Id.*

{¶ 13} This court reasoned that, "[b]y explaining that being classified a Tier III sex offender would be further discussed at sentencing, the trial court indicated that the classification was part of his punishment, even though it did not inform him of his specific obligations flowing from that classification." (Citations omitted.) *Id.* Further, at the plea hearing, prior to the court's colloquy with the defendant, the prosecutor explained that the punishment for the sexual battery count includes "a Tier III sex offender registration which is every 90 days for life registration. There are community residential requirements as well." *Id.*

{¶ 14} The *Fisher* panel distinguished *Fisher* from another Eighth District case, *State v. Baker*, 8th Dist. Cuyahoga No. 108301, 2020-Ohio-107. In *Baker*, the trial court merely advised the defendant that the count to which he was pleading guilty was "'a Tier 3 sex offense, and we'll go into that later.'" *Fisher* at ¶ 13, quoting *Baker* at ¶ 22. This court found that the trial court "did nothing to indicate that 'the fact that Baker would be pleading guilty to a Tier 3 sex offense had any additional penalties or consequences.'" *Fisher* at *id.*, quoting *Baker* at *id.* Further, there was no indication in *Baker* that "'anyone else'" informed the defendant that his guilty plea would result in him being classified as a Tier III sex offender or that he would face penalties as a result. *Fisher* at *id.*, quoting *Baker* at *id.*

**{¶ 15}** Moreover, in *Fisher*, this court, citing *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, found that *Baker* "is no longer valid law." *Fisher* at ¶ 14. In *Dangler*, prior to accepting the defendant's guilty plea to sexual battery, the trial court advised him, "[y]ou would also be obligated to register as a Tier III sex offender which means you would have an obligation to register for your lifetime." *Id*. at ¶ 4. The defendant indicated that he understood. *Id*. The defendant was sentenced and labeled a sex offender.

**{¶ 16}** On appeal, the defendant sought to vacate his plea on the ground that it was invalid because the trial court failed to fully explain the obligations and requirements associated with being a sex offender. The Supreme Court noted that, traditionally, when a defendant seeks to have his or her conviction reversed on appeal, he or she must establish that an error occurred in the trial-court proceedings *and* that he or she was prejudiced by that error. *Id*. at ¶ 13, citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14-15; *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977); Crim.R. 52.

**{¶ 17}** The court noted that it has made an exception to the prejudice requirement, that being, a trial court's failure to explain the *constitutional* rights a defendant would be waiving by a guilty plea. *Dangler* at ¶ 14. However, when a trial court fails to fully cover the nonconstitutional rights a defendant would be waiving by pleading guilty, a defendant must affirmatively show prejudice to invalidate a plea. *Id*.

{¶ 18} But the Supreme Court noted there is "one additional exception to the prejudice requirement: a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis sic.) *Id.*, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22 (holding that the trial court completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when the court made no mention of postrelease control in the plea colloquy, despite the fact the defendant was subject to a mandatory five years of postrelease control).

{¶ 19} The *Dangler* Court went on to consider whether a sex-offender classification and its accompanying obligations constitute a "penalty" imposed on a defendant. *Id.* at ¶ 18. The court noted its prior decision in *Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, wherein it considered whether the sex-offender statutes could be applied retroactively without violating the prohibition on retroactive laws contained in the Ohio Constitution. To answer that question, the court had to consider whether the statutory scheme is remedial or punitive. The *Williams* Court concluded that the scheme is "'so punitive that its retroactive application is unconstitutional.'" *Dangler* at ¶ 19, quoting *Williams* at ¶ 21.

{¶ 20} *Dangler* noted that *Williams* did not address whether the sex-offender-registration scheme constitutes a penalty for purposes of Crim.R. 11. In *Dangler*, the state urged the court to reconsider *Williams*, but the court declined because "to do so would be beyond the scope of the certified question and is unnecessary for purposes of deciding this case. Instead, based on the rationale of

*Williams*, we proceed with the assumption that the scheme as a whole constitutes a penalty for purposes of Crim.R. 11." *Dangler* at ¶ 20.

{¶ 21} We note, as the state also notes in this case, the Supreme Court's choice of the word "assumption" in *Dangler*. While it does not connote a ringing endorsement that the sex-offender classification scheme is a penalty for purposes of Crim.R. 11, it also is not a flat-out rejection of that notion. Thus, the prevailing law at this time is that Ohio's sex-offender classification scheme is a penalty for purposes of Crim.R. 11. The trial court therefore was required to provide some advisement about the classification prior to accepting Hindman's plea.

{¶ 22} *Brown*, 2019-Ohio-527, 132 N.E.3d 176, *Baker*, 8th Dist. Cuyahoga No. 108301, 2020-Ohio-107, and *Dangler* mandate that Hindman's plea be vacated, specifically because no advisement whatsoever as to the sex-offender classification was given to him prior to his plea. *See Dangler* at ¶ 15. Further, *Fisher* is distinguishable from this case because in *Fisher*, some advisement was given to the defendant, causing this court to consider the prejudice requirement, which the court found the defendant failed to demonstrate.

{¶ 23} The first assignment of error is sustained. The remaining assignments of error, which are relative to sentencing, are moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

{¶ 24} Plea vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHAEL JOHN RYAN, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J.,